RULEY, JUDGE:
These four claims were consolidated for hearing as all arise from the same factual situation. The claimants are landowners on Beech Fork Road, Lavalette, Wayne County, West Virginia. Situated from west to east on the south side of Beech Fork Road is a mobile home owned by Mr. Lucas, a mobile home owned by Mrs. Booten, the Ramey house, and the Arrowood house. Mrs. Booten also owns a house located on the north side of Beech Fork Road, almost across from the Lucas mobile home. She resides in this house. The claimants allege damage to their properties due to the respondent’s failure to provide adequate drainage for the area.
Claimant Ramey has made two prior claims for damage to his land. The first claim was disallowed. The claimant then obtained legal counsel, and the Court granted a Motion for Rehearing. In the second proceeding, the claimant was awarded $4,933.13 for damages resulting from the respondent’s failure to maintain two culverts and ditch lines. This failure allowed water to drain onto the Ramey property. The claimants presently allege that subsequent repair work performed by the respondent has caused further damage to all four properties.
The repair work involved deepening a ditch line between *440 the Arrowood and Ramey properties. Mr. Arrowood testified that his yard has settled since the work and cracks have developed in one corner of his house. He had no estimates of the amount of damage to the house.
According to Mr. Ramey, his property has been flooded when it rains. There has also been a problem with raw sewage rising to the surface when it rains. Similar complaints were voiced by Mr. Lucas and Mrs. Booten, but none presented any evidence of damages.
Mary Sue Malik, a sanitarian for the Wayne County Health Department testified that there is a septic system located behind the Booten mobile home. This system was malfunctioning. She stated that this malfunction was “probably” caused by surface water, although the adjacent septic system on the Lucas property was functioning properly.
An appraiser employed by the respondent, Joel Nunes, visited the Ramey property in July 1980, and April 1982, and in his opinion the land was in better condition on the latter date. Two engineers also testified for the respondent. David Bevins, assistant maintenance engineer, stated that the ditch line in question was an improvement to the existing drainage system. There has been no other changes to the natural drainage in the area by the respondent. Frank Hamrick, roadway design engineer, studied the drainage system at the claimants’ properties, and found it adequately designed for the age of Beech Fork Road. He stated that the land slopes downward from the Booten house to the other properties, with the Ramey land being the lowest point. The drainage problems, in his opinion, are due to water running through the septic tank field and not from drainage from the roadway.
From the evidence adduced at the hearing, the Court cannot find that the problems were caused by the actions of the respondent. It appears that two other factors are involved. The first is the natural drainage of the area. The second is the inadequate septic system on the Booten property. If the surface water were the sole source of the malfunction in the septic system, it would seem likely that the adjacent system *441 would be similarly affected. The Court, therefore, disallows the claims.
Claims disallowed.